IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 03-00141 DAE |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| vs. ) | |
| ) | |
| DOUGLAS E. RYCHENER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

MEMORANDUM IN SUPPORT OF MOTION

I.  BACKGROUND FACTS

On April 23, 2003, RYCHENER's residence was searched pursuant to a State of Hawaii search warrant, signed on April 22, 2003, by Hawaii State judge presiding in the District Court of the Third Circuit, State of Hawaii. Hawaii County Police Department ("HCPD") executed a search warrant at RYCHENER's residence. HCPD recovered, in a cabinet within a locked workshop area beneath the residence, a Ruger, model 10/22, .22 caliber semiautomatic rifle, bearing Serial Number 231-79542 ("Ruger rifle"). Next to the Ruger rifle, HCPD recovered a compatible, .22 caliber rifle magazine, which contained eighteen (18) .22 caliber cartridges. HCPD discovered, during the search, that RYCHENER had a key in his possession that opened the padlock on the hasp that secured the workshop area door that led to the cabinet and the Ruger rifle.

HCPD further recovered an "East Sport" brand, dark blue, soft sided backpack ("backpack") located within the residence. HCPD recovered from the backpack the following items: (1) RYCHENER's State of Hawaii Driver's license; (2) an unloaded .22 caliber rifle magazine, which was also compatible with the Ruger rifle; (3) several mini-ziplock bags with crystalline residue (presumptively tested positive for methamphetamine); and (4) drug paraphernalia. RYCHENER identified and claimed ownership of the backpack.

RYCHENER has been a convicted felon since January 28, 1991 and, thus, a prohibited person as of the date of his possession of the Ruger rifle. At the time, RYCHENER had eight prior felony convictions in the State of Hawaii, including Promoting Marijuana 1, Ownership/Possession of Prohibited Firearm (twice), Prohibited Place to Keep Firearm (twice), Prohibited Acts Related to Drug Paraphernalia (twice), and Promoting Dangerous Drugs 3. Lastly, the Ruger rifle was manufactured in either Connecticut, New Hampshire or Arizona and was recovered on the Big Island of Hawaii; thus, RYCHENER's possession of it affected interstate commerce.

II. <u>PROCEDURAL HISTORY</u>

On April 24, 2003, based upon the facts set out above, a Criminal Complaint was filed against RYCHENER charging him with being a felon in possession of a firearm, to wit: the Ruger rifle. On April 28, 2003, RYCHENER had his initial appearance before a magistrate after being arrested on the warrant derived from the Criminal Complaint. Based upon his criminal history and the facts of the case, RYCHENER was order detained without bail after a detention hearing held on May 1, 2003.

A federal grand jury then indicted RYCHENER on May 7, 2003, in a one-count Indictment for being a felon in possession of a firearm, to wit: the Ruger rifle. On May 12, 2003, RYCHENER was arraigned and entered a not guilty plea to the Indictment. After one stipulated continuance, the matter is currently set for jury trial before Chief Judge David A. Ezra on October 28, 2003.

On August 8, 2003, RYCHENER filed a Motion to Suppress seeking a <u>Franks</u> hearing to challenge the validity of the State of Hawaii search warrant and suppress the Ruger rifle. The documents sought by the FRCrP Rule 17(c) subpoena issued by defense counsel only relate to impeachment material for the CI at RYCHENER's <u>Franks</u> hearing, September 24, 2003, at 9:00 a.m. before the Honorable Lloyd D. George. As discussed below, RYCHENER has failed to make the "substantial preliminary showing" entitling him to a <u>Franks</u> hearing.

3

III. ARGUMENT

    A.    RYCHENER Improperly Supeonaed Documents for a Hearing That Will Not Take Place Because He is Not Entitled

For context, RYCHENER has not issued a typical subpoena duces tecum because RYCHENER has not sought to have a witness bring documents to **trial**, as is contemplated by FRCrP Rule 17(c). Instead, RYCHENER has issued the subject subpoena (attached as Exhibit "A"), based upon a *ex parte* application for a court order, to have an HCPD Lieutenant bring documents to the Federal Public Defender's Office twelve (12) days before RYCHENER's Motion to Supress, currently set for September 24, 2003.[1] As discussed below, RYCHENER has not made the requisite showing that he is even entitled to such a hearing.

RYCHENER has moved to suppress the Ruger rifle recovered during a search of residence pursuant to a State of Hawaii search warrant. Where a warranted search is at issue, there is a presumption of validity with respect to the affidavit supporting the search warrant. The Supreme Court was explicit in articulating the defendant's burden of proof with respect to a suppression motion where there is a **warranted search**. Franks v. Delaware, 438 U.S. 154 (1978). In seeking a Franks hearing,

---

[1] The Federal Rules of Criminal Procedure Rule 17(c) clearly allow for the defense to issue subpoenas by *ex parte* application for a court order. FRCrP 17(c). The documents sought, however, are **returnable to the court**, and not directly to a party. Id. ("When the documents arrive [to the court], the court may permit the parties and their attorneys to inspect all or part of them.")

4

RYCHENER has the affirmative burden to prove that: (1) he is entitled to an evidentiary hearing on his motion; and (2) the affidavit supporting the search warrant for his residence was facially false. Id. at 156. Unless he can do so, the Court will summarily deny the defendants' suppression motion without an evidentiary hearing.

In limited circumstances, a defendant challenging the veracity of statements in a supporting affidavit is entitled to an evidentiary hearing, a Franks hearing, to determine whether the warrant was issued in reliance on a deliberately or recklessly false affidavit. Id. A defendant is only entitled to such an evidentiary hearing if the defendant can make a **substantial preliminary showing** that, first, the affidavit contains intentionally or recklessly false statements or misleading omissions. Id. at 155-56. If a defendant has shown affiant's deliberate or reckless disregard for the truth, then a defendant must make a **substantial preliminary showing** that, second, the affidavit cannot support a finding of probable cause without the allegedly false information. Id.; see also United States v. Reeves, 210 F.3d 1041, 1044 (9th Cir. 2000); United States v. Stanert, 762 F.2d 775, 780-81, amended by 769 F.2d 1410 (9th Cir. 1985).

RYCHENER has failed to make such a substantial preliminary showing. See RYCHENER's Motion to Suppress Evidence, filed August 8, 2003. First, RYCHENER has failed to demonstrate any false statement or material omissions in the search warrant affidavit. Second, RYCHENER made no showing as to how his problems with the affidavit and affiant impacted the State of Hawaii judge's finding of probable cause to search his residence. Essentially, RYCHENER has issued a subpoena for law enforcement to bring documents to his lawyer's office twelve (12) days before a hearing that will not take place because he has not carried his burden. Accordingly, the government's motion to quash the subpoena must be GRANTED.

      B.    Rule 17(c) Subpoenas Cannot Be Issued for the Sole Purposes of Gathering Impeachment Material

Assuming arguendo, that RYCHENER can subpoena documents for a Franks Hearing that he is not entitled to and that will not ultimately occur, he may not issue the subpoena for the sole purpose of gathering impeachment material. United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981); see also United States v. Nixon, 418 U.S. 683, 701 (holding that "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"). Further, the Rule 17(c) subpoena typically cannot obtain impeachment material for a witness **unless** that witness will testify at trial. See United States v Carter, 15 F.R.D. 367, 369-72 (D.D.C. 1954). Here, RYCHENER subpoenas

6

nothing but impeachment material for CI, who would not testify at trial because he is not a percipient witness to the search of RYCHENER's residence.[2]

The Hawaii District has previously articulated the standard for issuing pretrial subpoena duces tecum pursuant to Rule 17(c). See United States v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995) (Chief Judge David A. Ezra) (citing United States v. Nixon, 418 U.S. 683 (1974)). In Jenkins, the court stated that pretrial production pursuant to Rule 17(c) is only appropriate where it is shown that: 1) the documents are evidentiary and relevant; 2) they are not otherwise procurable, with due diligence, in advance of trial; 3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and 4) the application was made in good faith and is not a fishing expedition. Id.; see also Nixon, 418 U.S. at 669.

Here, the documents all relate to the CI's impeachment at a suppression hearing, not trial. First, the documents have no evidentiary value because CI would not testify at trial. Second, if CI were to testify at trial, the government would be obligated, under Giglio and other discovery rules, to turn over

---

[2] CI would only be a witness at a Franks hearing regarding the validity of the search warrant. At trial, the government would not intend to call CI because he would not be needed after RYCHENER's motion to suppress was denied.

7

the requested material, such as CI agreements and arrest reports (if relevant to credibility). Thus, the documents are otherwise procurable in advance of trial. Next, the defense can properly prepare for trial without the requested documents. Regarding good faith, (1) the subject subpoena was impermissibly issued for strictly impeachment purposes at a <u>Franks</u> hearing, on September 24, 2003; (2) the defense has not yet demonstrated that they are even entitled to the <u>Franks</u> hearing; (3) the defense impermissibly required that the documents be returnable to them directly; and (4) the defense impermissibly required that the documents be returned twelve (12) days before the <u>Franks</u> hearing, if deemed necessary. Lastly, the defense is searching for any information that may assist them in attacking CI's credibility -- a fishing expedition.

//
//
//
//
//
//
//
//
//
//

VI.  CONCLUSION

For the above-stated reasons, the Government respectfully requests this Court to quash the subpoena duces tecum for the requested records.  In the alternative, the government requests that this Court conduct an in camera inspection of the documents requested and make a determination as to whether these documents should be produced to RYCHENER.

DATED: Honolulu, Hawaii, September 12, 2003.

                              Respectfully submitted,

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii

By  _____
     WES REBER PORTER
     Assistant U.S. Attorney