IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 03-00141 DAE |
| Plaintiff, ) | DECLARATION OF COUNSEL |
| vs. ) | |
| DOUGLAS E. RYCHENER, ) | |
| Defendant. ) | |

DECLARATION OF COUNSEL

I, WES REBER PORTER, hereby declare:

1. I am an Assistant U.S. Attorney representing the United States in the above-captioned matter.

2. That Defendant Douglas RYCHENER ("RYCHENER") has moved to suppress evidence recovered from his residence pursuant to a State of Hawaii search warrant. If RYCHENER demonstrates that he is entitled to an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), then the hearing will take place **September 24, 2003** at 9:00, before the Honorable Lloyd D. George.

3. That your declarant recently learned that RYCHENER, through counsel, issued a Federal Rule of Evidence Rule 17(c) subpoena to a lieutenant with the Hawaii County Police Department for documents related to the confidential informant ("CI") in the affidavit supporting the search warrant for RYCHENER's residence.

4. That the subpoena has been attached to the Memorandum in Support of the Government's Motion to Quash as Exhibit "A". Exhibit "A" is a true and correct copy of the Subpoena Duces Tecum issued by Pamela J. Byrne, counsel for Defendant, in this matter.

5. That the subpoena lists the September 24, 2003 suppression hearing, as opposed to the October 28, 2003 trial date, as the date on the subpoena. The subpoena calls for the requested documents to **be returned to the Federal Public Defender's Office**, as opposed to the court as required by FRCrP Rule 17(c). The subpoena also impermissibly mandates that the documents be **returned by September 12, 2003**, twelve (12) before the suppression hearing.

6. That, in addition, the subpoena requests **nothing but impeachment material** of the CI, another prohibited use of FRCrP Rule 17(c) subpoenas. See United States v. Fields, 663 F.2d 880, 881(9th Cir. 1981).

7. That, in sum, the defense has impermissibly issued a subpoena for strictly impeachment material of a witness for a Franks hearing, on September 24, 2003; the defense has not yet demonstrated that they are even entitled to the Franks hearing; the defense impermissibly required that the documents be returnable to them directly; the defense impermissibly required that the documents be returned twelve (12) days before the Franks

2

hearing, if deemed necessary.

8. That the Corporation Counsel, representing the Hawaii County Police department in this matter, will be joining the government's motion to quash the subpoena.

I declare under penalty of perjury of the laws of the United States, that the foregoing is true and correct.

Executed this of September 12, 2003, at Honolulu, Hawaii.

_____
Wes Reber Porter

3