ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 24 2003

at __10__ o'clock and __ min. __ M
WALTER A. Y. H. CHINN, CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR NO. 03-0225-DAE |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| DOUGLAS E. RYCHENER, | |
| Defendant. | |

The defendant, Douglas Rychener, moves to suppress evidence that the Hawaii County Police Department seized during a search of his home on April 23, 2003, and to suppress evidence obtained from a backpack that was located within the residence at the time of the search. The defendant further requests an evidentiary hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The government opposes the motions and the request for the *Franks* hearing. Having

considered the record, including the papers and the exhibits and evidence attached thereto, and the arguments heard on September 23, 2003, the court finds that the defendant has not met his burden of showing that a *Franks* hearing is required, and will deny the motions to suppress.

On April 22, 2003, Officer Stanley Haanio swore out an affidavit to support search warrants for the defendant's residence (including all rooms, garages, outbuildings, sheds, and containers located within the property boundaries), for the defendant's person, and for a black fanny pack. The search warrants were signed that day by a Hawaii State judge, and were executed shortly after 6:00 a.m. on April 23, 2003. During the search, police recovered a .22 caliber semi-automatic rifle from a cabinet in a locked workshop beneath the defendant's residence. Police also recovered a key in defendant's possession to the lock securing the workshop. In addition, police seized a blue backpack located within the residence, which backpack contained defendant's driver's license and an unloaded .22 caliber rifle magazine compatible with the seized rifle.[1] The police did not find a black fanny pack. The government subsequently indicted the defendant for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), alleging that he possessed the firearm after

---

[1] The backpack also contained drug paraphernalia and several mini-ziploc bags with a crystalline residue.

having been convicted of a felony.

The defendant argues, in his present motion, that the Officer Haanio's affidavit included false statements, statements in reckless disregard for the truth, and material omissions of fact. He further asserts that the affidavit, if corrected of these errors, would not support a finding of probable cause.

The Supreme Court has held that,

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks*, 438 U.S. at 155-56. The Ninth Circuit has extended *Franks* to include challenges based upon deliberate or reckless omissions of material fact by the affiant that tend to mislead. *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir.1985). In addition, the Ninth Circuit has held that "misstatements or omissions of government officials which are incorporated in an affidavit for a search warrant are grounds for a *Franks* hearing, even if the official at fault is not the affiant."

*United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992).  In sum, to obtain a *Franks* hearing, the defendant has the initial burden to make a substantial preliminary showing that Officer Haanio, in his affidavit, perjured himself, or made false statements with reckless disregard for their truth, or omitted material facts (or that he included such statements or omissions of another government official), and that the affidavit, when corrected of such false statements or omissions, would not support a finding of probable cause.

Central to Officer Haanio's affidavit is his description of a confidential informant's controlled purchase of crystal methamphetamine from the defendant. In his affidavit, Officer Haanio stated that he and Detective Ernest Saldua met with the confidential informant, Gerald Fontes, at a pre-arranged location within the five days prior to the affidavit.  At that time, they searched Fontes and his "mode of transportation" for narcotics but did not find any.  Officer Haanio maintained surveillance of Fontes to the defendant's residence, and maintained surveillance of Fontes after he left defendant's residence until they met at a pre-arranged location, at which time Fontes turned over a small ziploc baggie that Fontes identified as "ice" obtained from the defendant at the defendant's residence.  The substance subsequently field tested positive for methamphetamine.

Although Officer Haanio's description of the controlled purchase is

4

sufficient, by itself, to support a finding of probable cause, the defendant fails to specifically assert in his moving papers that Officer Haanio deliberately, or recklessly, made any false statement regarding the controlled purchase. The defendant implicitly impugns the integrity of Officer Haanio's statements regarding the surveillance of Fontes, suggesting that it would have been "difficult" for the police officers to surveil his residence without being observed. In support, however, the defendant offers only a street map of the area surrounding his home. The street map, and the defendant's argument that surveillance would have been difficult, do not rise to the level of a substantial preliminary showing that Officer Haanio perjured himself when he stated that he constantly surveilled Fontes from the pre-arranged meeting location to the defendant's residence, and back to an arranged meeting location.

The defendant generally challenges Officer Haanio's description of the controlled purchase for the lack of some specific details, such as the amount of methamphetamine obtained by Fontes, or the exact date and time of the controlled purchase. The defendant further challenges the description because Fontes informed Officer Haanio that he "obtained," rather than "purchased," methamphetamine from the defendant, and because the description does not indicate that the officers provided Fontes with any money for the controlled buy.

Implicit in the argument is the defendant's assertion, expressly acknowledged during the hearing, that the controlled purchase never occurred. The court cannot agree that Officer Haanio's description of the controlled purchase, itself, constitutes a substantial preliminary showing that the controlled purchase never happened, and that Officer Haanio perjured himself in asserting otherwise.

As to the remainder of Officer Haanio's affidavit, the defendant challenges Officer Haanio's statement that Fontes provided truthful information on at least six occasions in the ten days prior to the affidavit. The defendant, however, merely notes the lack of specific details supporting Officer Haanio's conclusion that Fontes had provided truthful information and "requests the government back up its claim. . . ." Neither the lack of details nor defendant's request constitute a substantial preliminary showing that Officer Haanio perjured himself as to this statement (or made the statement with reckless disregard for its truth).

The defendant challenges Officer Haanio's statement that Fontes identified the defendant as a "user/distributor" of methamphetamine, and that Fontes purchased methamphetamine from the defendant on at least ten prior occasions. The court would note, however, the lack of any showing that Officer Haanio's statement–that Fontes made these assertions–was deliberately or recklessly false. The defendant offers the affidavit of his wife, who asserts that Fontes was the

distributor and that she and the defendant were the buyers and users of the methamphetamine. Even accepting this assertion as true, the initial issue before the court is whether Officer Haanio deliberately (or recklessly) made any false statements; that is, whether Officer Haanio knew (or recklessly disregarded) that Fontes had <u>not</u> made these assertions to him. The record lacks any evidence or suggestion that Fontes did not make any of the alleged assertions to Officer Haanio, or that Officer Haanio perjured himself in asserting that Fontes had made these allegations regarding the defendant. Further, the affidavit of defendant's wife does not rise to the level of a substantial preliminary showing that Officer Haanio knew that Fontes was untruthful in his allegations regarding the defendant, but omitted that fact from his affidavit.

The defendant also challenges Officer Haanio's statement that Fontes informed him that the defendant used a black fanny pack and kept his narcotics in a small cookie can. The defendant asserts that the falsity of Fontes' statement is demonstrated by the failure to discover these items during the search, and by the affidavits of his parents and wife that he never used a fanny pack. Again, the issue before the court is whether Officer Haanio was truthful in his statement that Fontes had provided this information, or whether Officer Haanio knew that Fontes was not truthful and omitted this fact from his affidavit. While the evidence submitted by

7

the defendant would support an inference, in hindsight, that Fontes was incorrect, that evidence does not support an inference that, at the time Officer Haanio signed the affidavit, he either perjured himself or that he knew that Fontes was incorrect but omitted this fact from the affidavit.

The defendant also suggests that Officer Haanio omitted several material facts from his affidavit, including Fontes' crush on his wife, Fontes' criminal history (including his thirteen misdemeanors and his recent arrests, and that the police had recently targeted Fontes as a distributor in a controlled buy. Regarding Fontes' criminal history of thirteen misdemeanors, the court notes the lack of any prior conviction for a crime of dishonesty. Rather, with the exception of a single misdemeanor conviction for promoting a dangerous drug, Fontes' criminal history generally concerns vehicle-related matters such as driving under the influence or without an inspection certificate. At argument, the defendant acknowledged that Fontes' thirteen misdemeanor convictions was an extremely small consideration. The court readily concludes that the omission of these convictions from Officer Haanio's affidavit was not material. As to the Fontes' alleged crush of the defendant's wife, the defendant fails to provide any evidence that Officer Haanio knew of this "crush." Nevertheless, the government acknowledges in its opposition that Fontes informed Officer Haanio that the defendant believed Fontes

had an interest in the defendant's wife, but that Fontes also asserted that he did not have any such interest in the defendant's wife. The knowledge that Officer Haanio's actually had readily shows that the information was not material to a determination of probable cause.

The fact of Fontes' recent arrests and his recent targeting as a distributor has little, if any, relevance to the credibility of Fontes. Indeed, while that information might tend to discredit Fontes (as it could be inferred that Fontes might perjure himself to avoid prosecution), the information also supports Fontes' credibility, as it tends to indicate that Fontes would have a current knowledge of the use and distribution of controlled substances.

Finally, the court would note that, even when the defendant's arguments and evidence are considered as a whole, he has not met his burden of a substantial preliminary showing that Officer Haanio deliberately (or recklessly) included false statements in his affidavit, or omitted material facts, or that he included the deliberate or reckless false statements or omissions of another government official. Accordingly, the court finds that a *Franks* hearing is not required.

Further, the court would note that, even if Officer Haanio's affidavit is modified to include the information of Fontes' recent arrests, and Officer Haanio's knowledge regarding Fontes' interest or lack of interest in the defendant's wife,

and Fontes' misdemeanor convictions, the court has no difficulty finding that the affidavit, as modified, supports a finding of probable cause. As noted at the outset, central to Officer Haanio's affidavit are the facts he witnessed when Fontes obtained methamphetamine from the defendant in a controlled purchase. The defendant has not made a substantial preliminary showing that Officer Haanio perjured himself regarding his observations. The fact of that controlled purchase, within five days of the affidavit, supports a finding of probable cause. The additional statements related by Officer Haanio, including Fontes' reliability as an informant (including the noted lack of specific details), Fontes' statements regarding the defendant prior to the controlled purchase, the statements of Detective Saldua, and the anonymous complaints would not, standing alone, establish probable cause. However, those additional statements and facts Officer Haanio's observation that Fontes did not have possession of narcotics prior to entering the defendant's residence, but was in possession of methamphetamine after leaving the defendant's residence, and corroborate Fontes' statement that he obtained the methamphetamine from the defendant while in the defendant's residence. Accordingly, the court finds that the affidavit supports a finding of probable cause, even as modified.

The court also finds that the search of defendant's backpack pursuant to the

warrant was permissible, and will deny the motion to suppress evidence seized from the backpack.

Accordingly,

THE COURT **ORDERS** that Defendant's Motion to Suppress is DENIED.

DATED: September 24, 2003, at Honolulu, Hawaii.

_____
Lloyd D. George
United States District Judge