EDWARD H. KUBO, JR.          #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON            #4532
Assistant U.S. Attorney

WES REBER PORTER
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
telephone:       541-2850
facsimile:       541-2958
e-mail:          wes.porter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR NO. 03-00225 DAE |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS E. RYCHENER, | ) | DATE:   October 21, 2003 |
| | ) | TIME:   10:00 a.m. |
| Defendant. | ) | JUDGE:  Leslie E. Kobayashi |
| | ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and Defendant DOUGLAS E. RYCHENER, and his attorney, Assistant Federal Defender Pamela J. Byrne , have agreed upon the following:



1. The Defendant acknowledges that he has been charged in the Indictment with violating Title 18, United States Code, Section 922(g)(1).

2. The Defendant has read the charge against him contained in the Indictment and that charge has been fully explained to him by his attorney.

3. The Defendant fully understands the nature, elements and penalties of the crime with which he has been charged.

4. Pursuant to Rule 11(a)(2), Defendant will enter a conditional voluntary plea of guilty to the sole count of the Indictment, reserving the right to appeal this Court's denial of Defendant RYCHENER's motion for a Franks hearing in order to challenge the validity of the search warrant executed on his residence. Specifically, Defendant RYCHENER herein preserves his right to appeal the following pretrial motion, which was denied for failure to make a "substantial preliminary showing" pursuant to Franks v. Delaware, 438 U.S. 154 (1978): Defendant DOUGLAS E. RYCHENER's Motion to Suppress Evidence, filed on August 8, 2003 and decided on September 24, 2003. Defendant understands that the government will provide all of the investigative reports to the U.S. Probation Office and the Court may consider all relevant behavior in determining Defendant's ultimate sentence.

5. The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The Defendant enters into this plea because he is in fact guilty of being a felon in possession of a firearm and he agrees that his plea is voluntary and not the result of force or threats.

7. The Defendant understands that the penalties for the offense to which he is pleading guilty include:

   a. up to 10 years imprisonment and a fine of up to $250,000, plus a term of supervised release of up to three years; and

   b. In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. The Defendant agrees to pay $ 100 to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. On or about April 23, 2003, in the District of Hawaii, defendant DOUGLAS EDWIN RYCHENER ("RYCHENER"), having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, to wit: Ruger, Model 10/22, .22 caliber semiautomatic rifle bearing Serial Number 231-79542, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

b. On April 23, 2003, RYCHENER's residence was searched pursuant to a State of Hawaii search warrant. Hawaii County Police Department ("HCPD") executed the search warrant and recovered, in a cabinet within a locked workshop area beneath the residence, a Ruger, model 10/22, .22 caliber semiautomatic rifle, bearing Serial Number 231-79542 ("Ruger rifle"). Next to the Ruger rifle, HCPD recovered a compatible, .22 caliber rifle magazine, which contained eighteen (18) .22 caliber cartridges.

c. HCPD also discovered during the search that RYCHENER had a key in his possession that opened the padlock on the hasp that secured the workshop area door that led to the cabinet and the Ruger rifle.

4

   d.   RYCHENER has been a convicted felon since January 28, 1991 and, thus, a prohibited person as of the date of his possession of the Ruger rifle. At the time, RYCHENER had eight prior felony convictions in the State of Hawaii, including Promoting Marijuana 1, Ownership/Possession of Prohibited Firearm (twice), Prohibited Place to Keep Firearm (twice), Prohibited Acts Related to Drug Paraphernalia (twice), and Promoting Dangerous Drugs 3.

   e.   The subject firearm was manufactured in either Connecticut, New Hampshire or Arizona and was recovered on the Big Island of Hawaii; thus, RYCHENER's possession of it affected interstate commerce.

   9.   Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

   10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

         a.    Factual stipulations: The parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

         b.    Offense level stipulations:

         (i) Based upon information presently known to the government, the prosecution agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the Defendant has clearly demonstrated acceptance of responsibility for the offense, entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a); and

         (ii) The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue that the Defendant has not accepted responsibility in the event of receipt of new information relating to that issue, and (2) to call and examine witnesses on that issue in the event that either the probation office finds to the contrary of the prosecution's intentions or the court requests that evidence be presented on that issue.

    11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to

sentencing.

      12.    The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

      a.    The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" and "c" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

    c. Defendant also retains the right to appeal the matter set out in Paragraph 4 (above). Specifically, Defendant RYCHENER herein preserves his right to appeal the following pretrial motion, which was denied for failure to make a "substantial preliminary showing" pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978): Defendant RYCHENER's Motion to Suppress Evidence, filed on August 8, 2003 and decided on September 24, 2003.

    d. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

    13. The Defendant understands that the District Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines. Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

8

14. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other

disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e.  At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

//
//
//
//
//
//
//
//
//
//

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, October 21, 2003.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
RONALD G. JOHNSON
Chief, Violent Crimes Unit

_____
WES REBER PORTER
Assistant U.S. Attorney

_____
DOUGLAS E. RYCHENER
Defendant

_____
PAMELA J. BYRNE
Attorney for Defendant
DOUGLAS E. RYCHENER

UNITED STATES v. DOUGLAS E. RYCHENER
CR. NO. 03-00225 DAE
"MEMORANDUM OF PLEA AGREEMENT"